REID, Judge.
Plaintiff, Judge Clark, Jr., filed this suit against Sam J. Culotta, d/b/a Insurance Wrecking Company for $1623.62 together with legal interest from date of judicial demand until paid for damages as a result of a defective automobile which he purchased from the defendant. An itemization of the damages claimed is as follows:
Cost of vehicle $625.00
Installation of Engine 50.00
Additional parts 22.87
State Sales Tax 18.75 Registration and Title Certificate 7.00
Loss of use, inconvenience and annoyance . 150.00
Reasonable attorneys fees 750.00
Plaintiff alleges that on February 14, 1964 he agreed to purchase a 1959 Lincoln four door sedan from defendant for $625.00. Defendant was to furnish another 1959 Lincoln engine in place of the one in the car and guaranteed the engine was in good condition and had no defects. He further alleges that when he applied for his license he found that the vehicle was a 1958 Lincoln instead of a 1959 model. After the engine was installed he drove the car about six miles when the engine started knocking at which time he took it to defendant and requested that the engine be fixed or his money returned. The engine was dismantled and found to have thrown a rod and had a broken oil pump.
Defendant Sam J. Culotta filed an answer in which he admitted that he sold a 1959 Lincoln which actually was a 1958 model. However, he avers that the automobile was personally selected by plaintiff and he agreed to purchase that particular automobile regardless of whether it was a 1958 or 1959 model. He denies any guarantee of the engine being in good condition or not having any defects.
Defendant admits that he agreed to put a separate engine in the automobile but denied that he guaranteed it or had any knowledge of any defects in the second engine. He further admitted that his employees did dismantle part of the engine and found mechanical trouble, but avers that this could have been caused by a faulty installation of the engine and further that this trouble could have easily been discovered and easily and cheaply remedied, and rectified by the plaintiff without causing any permanent or serious damage. He admits that the petitioner left the vehicle on his premises and that plaintiff was welcome to it at any time he wanted it.
The Trial Judge with written reasons rendered a decision rejecting plaintiff’s demand and dismissing this suit at his costs. From this judgment plaintiff has appealed to this Court.
The issues in this case are mainly factual and relate to the question as to what was the contract between the parties. Did the defendant guarantee a perfect engine when he delivered the second engine to the plain *783 tiff, and were the defects which later became known about the second engine caused by the negligence of the plaintiff or his mechanic who installed the motor in the car purchased from the defendant.
The Trial Judge in his written reasons has given us an excellent finding of facts which we believe is correct and we herewith quote with approval as follows:
“The petitioner alleges that on February 13, 1964 petitioner agreed to purchase a 1959 Lincoln four door sedan from the defendant, who operates a wrecking yard in East Baton Rouge Parish. Petitioner alleges that it was agreed that the engine in the 1959 Lincoln was of no value and that defendant would supply petitioner with a good engine from another vehicle, which was a wrecked 1959 Lincoln. Petitioner alleges that on February 14, 1959 the Lincoln, together with the second ■engine from the other wrecked Lincoln, were delivered to petitioner and that he paid the defendant a total of $625.00 for the automobile and the two engines. Petitioner had the engine installed by Albert L. Simpson at a price of $50.00. Albert L. Simpson apparently ran a part "time mechanic shop in the garage at his "home. Petitioner later found that the .automobile was a 1958 rather than a 1959 Lincoln. However, plaintiff was :not disturbed by the fact that this was a 1958 rather than a 1959 model Lincoln. He had examined the vehicle at the wrecking yard and the Court is of the ■opinion that the mistake in the year model -of the vehicle would not, in itself, be sufficient to have the sale rescinded. The question remaining is whether or not ■plaintiff is entitled to the relief prayed for, due to the fact that the engine installed in the Lincoln by Albert Simpson •did not function.
Taking into consideration the relatively •small price paid for the vehicle, plus the two engines, together with the fact that ■plaintiff knew that this second engine was being removed from a previously wrecked vehicle, and further considering that plaintiff used a mechanic who was not, in the opinion of the Court, a professional, but a part time amateur mechanic, and further considering that Simpson did inform the plaintiff that the oil pressure was low, the Court feels that plaintiff must bear some burden and run some chance in this type of transaction. Certainly, the Court cannot say that plaintiff could presume that an engine which was being removed from a wrecked vehicle was in perfect working condition. It is true that Anthony Culotta testified that they guaranteed the engine, but the guarantee runs more to the physical shape of the crankshaft and block of the engine and not to the other attachments, such as the water pump, oil pump, carburetor, et cetera. Likewise, there is nothing in the record to indicate that the oil pump situated in the oil pan on the original engine was defective and could not have been utilized, rather than removing the entire engine, including the oil pan, from the original vehicle and installing the replacement. Petitioner knew or should have known from the warning he received from his own mechanic that this engine was not functioning properly and should have had his own mechanic or some other mechanic check to determine the difficulty with the engine. Further, from the evidence, this Court is not able to ascertain whether or not the dent in the oil pan on the replacement engine occurred at the time the original vehicle was wrecked, during the installation of the replaced engine, or after the plaintiff drove the vehicle. Simpson stated that he inspected the outside of the engine and found no dents on the oil pan and that if there had been any dents, he would have seen them. Eddie Graham, who works for the defendant, checked the vehicle after it was brought back and found the oil pan dented in front. The bearings had been burned out, but the rods had not been thrown.”
*784 While the plaintiff testified that the defendant’s brother, Anthony Culotta, guaranteed that the second engine substituted in the car was in good condition and that they would make it good, the defendant denies this and denies that his brother had any such authority. Anthony Culotta himself testified that he would have made the engine good and even offered to substitute a 1960 or 1962 model Mercury engine in the Lincoln but the plaintiff refused to accept this substitution. However, after defendant Anthony Culotta found out that the trouble with the engine was caused by the acts of the plaintiff in driving the car to defendant’s place of business knowing that the oil pump was not functioning properly, and that this was what caused the damage, he then refused to make any restitution whatsoever, rightfully claiming that the trouble with the engine was caused by the actions of the plaintiff in driving the car under these circumstances.
We, therefore, find that the judgment of the Lower Court is correct, and it is therefore affirmed.
Affirmed.